NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3226

GRADY L. CHAPMAN,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Grady L. Chapman, of Memphis, Tennessee, pro se.

Armando A. Rodriguez-Feo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director. Of counsel on the brief was Bruce E. Barnett, Attorney, Office of Regional Counsel, Department of Veterans Affairs, of Nashville, Tennessee.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3226

GRADY L. CHAPMAN,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752080757-I-1.

_____

DECIDED: January 4, 2010

_____

Before NEWMAN, BRYSON, and PROST, <u>Circuit Judges.</u>

PER CURIAM.

Grady L. Chapman petitions for review of a final decision by the Merit Systems Protection Board ("Board") affirming a decision by the Department of Veterans Affairs ("VA") to remove Mr. Chapman from employment at the VA Medical Center in Memphis, Tennessee. <u>Chapman v. Department of Veterans Affairs</u>, No. AT-0752-08-0757-I-1

(M.S.P.B. Dec. 8, 2008) ("Initial Decision"); 111 M.S.P.R. 466 (2009) (Table).  We affirm the Board's decision.

## BACKGROUND

The evidence before the Board may be summarized as follows.  Mr. Chapman held the position of Housekeeping Aid, grade WG-3566-02, at the VA Medical Center in Memphis, Tennessee.  On May 6, 2008, because Mr. Chapman had not cleaned the offices of the Paralyzed Veterans of American ("PVA"), which was within his assigned work area, Mr. Chapman's supervisor directed him to report to that location.  Upon his arrival, Mr. Chapman allegedly directed profane language toward a PVA employee, after which Mr. Chapman and his supervisor removed themselves to discuss the matter.  The Board received testimony that Mr. Chapman then brandished a knife, which he raised above his head in a threatening manner toward his supervisor.  Witnesses stated that throughout the remainder of that day, Mr. Chapman repeatedly made profane and disrespectful comments to his supervisor.  Two days later, on May 8, Mr. Chapman did not report for work.  Based on this conduct, by letter dated June 6, 2008, Mr. Chapman was charged with four transgressions: possession of a weapon, use of profanity, disrespectful conduct, and absence without leave, and the VA proposed the removal of Mr. Chapman.

Mr. Chapman responded to the charges, both orally and in writing.  In brief, he contended that the knife was not a weapon but was a "utility utensil" that he used for opening and breaking down boxes at work.  The knife, presented into evidence before the Board, was a Smith & Wesson S.W.A.T. II knife, bearing a 3-¼ inch blade.  Mr. Chapman denied approaching his supervisor with the knife and denied directing profanity at the PVA employee.  Mr. Chapman did not deny the profane and disrespectful comments to his

2009-3226                                        2

supervisor. With respect to the AWOL charge, Mr. Chapman stated that he had been told on May 8, 2008 not to report for duty until further notice, and that his absence thus was authorized. The VA Medical Center Director, who was the deciding official, considered the information provided, including Mr. Chapman's oral and written replies, and the factors for determining an appropriate penalty, as set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 303-06 (1981). By letter dated July 10, 2008, the Medical Center Director sustained the charges and determined the penalty of removal to be appropriate, effective July 11, 2008.

Mr. Chapman appealed to the Board, which held a hearing on November 18, 2008. During the hearing, the VA presented written reports prepared by Mr. Chapman's supervisor and the PVA employee involved, as well as statements that both had previously made to the VA Police Service. The agency also received their testimony, as well as the testimony of two VA employees involved in the removal decision and a VA employee involved in the placement of Mr. Chapman on administrative leave. Mr. Chapman also testified at the hearing.

The administrative judge ("AJ") affirmed the removal determination, deeming the testimony of Mr. Chapman's supervisor and other witnesses to be more credible than that of Mr. Chapman. The AJ also found that Mr. Chapman's excuse for possessing the knife was contradicted by several witnesses, and that his testimony was inconsistent with his prior assertions to the VA. The AJ sustained the first three charges, stating that, "The sustained charges are serious and directly impact upon the employer-employee relationship and the efficiency of the service. Appellant's outrageous conduct toward a supervisor was particularly egregious under the circumstances." Initial Decision, at 5.

2009-3226                                    3

As to the fourth charge, that of Mr. Chapman being AWOL, the VA rebutted Mr. Chapman's assertion that he had been instructed not to report for duty as of May 8, 2008, and stated that his placement on administrative leave did not occur until four days later, on May 12, 2008. At the Board hearing Mr. Chapman testified that he may have been mistaken about the timing of his placement on administrative leave and that he could recall no details about his absence on May 8, 2008. The AJ sustained the AWOL charge.

The AJ concluded that the removal penalty was reasonable and appropriate, citing Douglas, 5 M.S.P.R. at 306. The full Board denied review, and Mr. Chapman has appealed to this court. We have jurisdiction pursuant to 28 U.S.C. §1295(a)(9).

DISCUSSION

Our review of a Board decision is limited. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. §7703(c). The petitioner bears the burden of establishing error in the Board's decision. Harris v. Department of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed. Cir. 1986).

Mr. Chapman requests reversal of the removal from his position. He first states that the knife in question was not a weapon and is permitted by the VA for work-related duties. Although Mr. Chapman states that he possessed the knife for opening and breaking down boxes in connection with his job duties, there was testimony at the hearing that Mr. Chapman's duties did not include this task, and that the agency would have supplied a box cutter if one had been needed. Apart from the disputed testimony, however, there can be

no question that Mr. Chapman's knife violated the 3-inch blade limit set forth in 38 C.F.R. §1.218(b)(39) (addressing "Possession of knives which exceed a blade length of 3 inches . . . .").

Mr. Chapman argues that under VA Handbook 5021, Part I, Appendix A, Title 5—"Table of Examples of Offenses and Penalties" ("the VA Handbook guidelines"), possession of a knife and the use of profanity warrant only a reprimand, not removal, for first-time offenses as here. The VA Handbook describes the following relevant offenses:

> 15. Fighting, threatening, attempting or inflicting bodily injury to another . . . (Penalty depends on such factors as provocation, extent of any injuries, and whether actions were defensive or offensive in nature).
>
> 16. Disrespectful conduct, use of insulting, abusive, or obscene language to or about other personnel, patients, or visitors.
>
> 17. Deliberate refusal to carry out any proper order from, or insolent, abusive, or obscene language toward immediate or other supervisor having responsibility for the work of the employee; willful resistance to same.

The guidelines recommend, for each of these offenses, a minimum penalty of a reprimand and a maximum penalty of removal. For the multiple offenses, here committed, taken together, the penalty of removal is not excessive.

Mr. Chapman also argues that his absence on May 8, 2008 was reported to a supervisor, and that he was not AWOL. According to the AJ, Mr. Chapman ultimately "could recall no details about his alleged absence on the day in question." Initial Decision, at 5. Mr. Chapman has not shown the charge of AWOL to be improper. The VA Handbook guidelines provide, for a first offense of being AWOL, a penalty ranging from admonishment to reprimand. However, in combination with Mr. Chapman's other offenses, the penalty of removal has not been shown to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or

regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. §7703(c). The Board's final decision upholding the removal of Mr. Chapman from his employment at the Memphis, Tennessee VA Medical Center is affirmed.

No costs.